IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMISE JERMAINE CALLOWAY,<br><br>           Plaintiff,<br>    v.<br><br>CONTRA COSTA COUNTY JAIL<br>CORRECTIONAL OFFICERS, et al.,<br><br>           Defendants. | No. C 01-2689 SBA (PR)<br><br>**ORDER GRANTING APPOINTMENT OF COUNSEL AND REFERRING CASE TO FEDERAL PRO BONO PROJECT**<br><br>**(Docket no. 55)** |

On May 12, 2005, Plaintiff filed a request for appointment of counsel.

**I.   Legal Standards**

There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. See Lassiter v. Dep't of Social Services, 452 U.S. 18, 25 (1981); Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), withdrawn in part on other grounds on reh'g en banc, 154 F.3d 952 (9th Cir. 1998) (en banc). Title 28 U.S.C. § 1915 confers on a district court only the power to "request" that counsel represent a litigant who is proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(1). This does not give the courts the power to make "coercive appointments of counsel." Mallard v. United States Dist. Court, 490 U.S. 296, 310 (1989).

The court may ask counsel to represent an indigent litigant under § 1915 only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Rand, 113 F.3d at 1525; Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). Both of these factors must be viewed together before reaching a decision on a request for counsel under § 1915. See id.

**II.   Analysis**

On June 10, 2005, the Court issued its Fourth Order of Service and ordered service of six additional defendants in this action.[1] Since that date, the attorney representing all but one of the

---

[1] Defendants County and Chalk have already been served in this action.

defendants in this action[2] explained that he intends to conduct further discovery, including the deposition of Plaintiff, before filing a dispositive motion in this action. Defendants' attorney has also represented to the Court that certain claims in this action will not be resolved by a relatively simple dispositive motion, but rather will require resolution of complex factual issues by way of a trial or otherwise. Plaintiff has attempted to conduct discovery on his own behalf, with limited success. Plaintiff has demonstrated diligence, but clearly is unfamiliar with discovery processes and is impeded by the relatively severe conditions of his confinement. For all of the foregoing reasons, the Court finds that "exceptional circumstances" exist to warrant appointment of counsel and exercises its discretion to seek pro bono representation for Plaintiff.

### III.  Conclusion

1.  Plaintiff's motion for appointment of counsel (Docket no. 55) is GRANTED.

2.  The Court having determined that it would be beneficial to have counsel assist Plaintiff in this matter and good and just cause appearing, IT IS HEREBY ORDERED that Plaintiff's case shall be referred to the Court's Federal Pro Bono Project in the manner set forth below:

   a.  The Clerk of the Court shall send the Federal Pro Bono Project a copy of this Order.

   b.  Upon designation of a volunteer law firm by the Federal Pro Bono Project, the Clerk of the Court shall send the law firm copies of: (1) this Order; (2) the second amended complaint (Docket No. 53), (3) the third amended complaint (Docket No. 62); (4) the Court's February 11, 2004, April 29, 2004, and both March 31, 2005 Orders (Docket Nos. 15, 20, 46, 47); (5) the Fourth Order of Service (Docket no. 61); (6) a docket sheet; and (7) a copy of the Federal Pro Bono Project guidelines.   c.  Upon the law firm's designation of an attorney to represent plaintiff, that attorney shall be appointed as counsel for Plaintiff in this matter until further order of the Court.

3.  All further proceedings will be stayed until two (2) weeks from the date an attorney is appointed to represent Plaintiff in this action.

---

[2] Attorney Bernard Louis Knapp, Deputy County Counsel, County of Contra Costa, is representing all the defendants in this action, except for Defendant Brooks. Attorney Knapp informed the Court that Defendant Brooks had not yet been served as of the case management conference on July 14, 2005.

1
2     IT IS SO ORDERED.
3                                     
4  DATED:7/25/05
                                      _____
5                                     SAUNDRA BROWN ARMSTRONG
                                      United States District Judge