UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMISI JERMAINE CALLOWAY,<br><br>            Plaintiff,<br><br>    v.<br><br>CONTRA COSTA COUNTY JAIL<br>CORRECTIONAL OFFICERS, *et al.*,<br><br>            Defendants.<br>_____/ | No. C-01-2689 SBA (EMC)<br><br>**DEFENDANTS' MOTION FOR**<br>**PROTECTIVE ORDER**<br>**(Docket No. 109)** |

Defendants' motion came on for hearing on April 26, 2006. Having considered the papers filed in support and in opposition to the motion and the argument of counsel, and good cause appearing therefor, the Court hereby **GRANTS IN PART** and **DENIES IN PART** the motion as follows for the reasons stated on the record at the hearing.

1. <u>Internal Affairs Files of Individual Peace Officer Defendants</u>

Apart from the official information privilege asserted, there is a threshold question of relevancy. Generally such records are relevant if they relate to the complainant or involve conduct which bears some similarity to the alleged wrongdoing in the case at bar. Defendants contend that the subject files contain matters entirely unrelated and thus have no probative value. Given the sensitivity of the information requested, the Court finds it appropriate to examine the documents *in camera*. It will do so for purposes of determining relevancy and evaluation of the official information privilege. It will consider the privilege even though the Navarro affidavit does not satisfy the standards set forth in *Soto v. City of Concord*, 162 F.R.D. 603, 613-14 (N.D. Cal. 1995)

and *Kelly v. City of San Jose*, 114 F.R.D. 653, 670 (N.D. Cal. 1987), since the documents will be examined *in camera* in any event. The documents shall be submitted by May 4, 2006.

2. <u>Internal Affairs Investigations of Health Care Treatment Complaints</u>

These are facially relevant given the allegations of the complaint and the *Monell* claim. Although Defendants assert the official information privilege, the Navarro declaration does not address with sufficient specificity the identification of governmental or privacy interests which are threatened by disclosure, how disclosure subject to a carefully crafted protective order fails to protect those interests, and a projection as to the amount of harm that would ensue. The documents shall be produced under a protective order and with the names of individual complainants redacted to protect their privacy interests. The Defendants' motion is DENIED.

3. <u>Individual Defendants' Personnel Files</u>

These have been produced, thus mooting the issue.

4. <u>Personnel Files of Non-Defendant Officers and Health Care Staff</u>

These are sought to show training and policy. The request is extremely broad and likely to contain little probative evidence. The burden outweighs the benefits under Rule 26(b) and the privacy interests implicated outweigh their likely relevance. Evidence of training or lack thereof can be obtained via other means such as request for production of documents on training procedures, polices, and manuals, depositions of training officers, Rule 30(b)(6) depositions, and depositions of the named individual defendants. The Defendants' motion is GRANTED.

5. <u>Health Care Complaints and Request Slips by Third Party Prisoners</u>

These documents are relevant to the *Monell* and state law claims. As agreed to by the parties at the hearing, Plaintiffs' counsel (for counsel's eyes only) shall review the documents and select those it wishes produced. Those produced will be subject to the protective order and the names of individual prisoners shall be redacted to protect their privacy interests. Defendants' motion is DENIED.

6. <u>Health Care Staff Meeting Agendas and Minutes</u>

The Court finds that California Evidence Code § 1157 does not apply. It finds *Leon v. County of San Diego*, 202 F.R.D. 631 (S.D. Cal. 2001) persuasive. That conclusion is supported by

the courts' rejection of the analogous self-critical analysis privilege.  *See Soto*, 162 F.R.D. at 620, *citing Dowling v. American Hawaii Cruises, Inc.*, 971 F.2d 423, 425 n.1 (9th Cir. 1992).  Individual names of patients shall be redacted and the documents shall be produced under protective order.  Defendants' motion is DENIED.

7. <u>Contra Costa County Health Services Quality Assurance Database</u>

The Defendants shall produce those documents which pertain to health care provided to prisoners as those are relevant to *Monell* and the state claims.  Documents pertaining to non-prisoners do not appear to be relevant, at least in the absence of evidence indicating a systemic practice or policy that transcends the treatment of inmates.  No such evidence has been proffered.  Again the names of individual patients shall be redacted.  Defendants' motion is GRANTED IN PART and DENIED IN PART.

Apart from the documents ordered for *in camera* review, the documents ordered herein shall be produced within 14 days of this Order.

This order disposes of Docket No. 109.

IT IS SO ORDERED.

Dated:  April 27, 2006

_____
EDWARD M. CHEN
United States Magistrate Judge