**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| JAMISE JERMAINE CALLOWAY, | No. C 01-2689 SBA |
| Plaintiff, | **ORDER** |
| v. | [Docket No. 224] |
| CONTRA COSTA COUNTY JAIL CORRECTIONAL OFFICERS, *et al.*, | |
| Defendants. | |

The Ninth Circuit Court of Appeals has requested the Court determine whether plaintiff/appellant Jamise Jermaine Calloway's appeal has been taken in good faith or is frivolous under 28 U.S.C. § 1915(a)(3). For the reasons that follow, the Court determines that Calloway's appeal is frivolous.

### BACKGROUND

Calloway brought a section 1983 action against Contra Costa County, the Contra Costa County Sheriff's Department, the California Department of Corrections and Rehabilitation, and seven individual officers of the Contra Costa County Jail. Calloway alleged the defendants used excessive force against him and were deliberately indifferent to his medical needs. Calloway was diagnosed with end-stage renal failure and required dialysis treatment every two to three days.

The Court granted the defendants' motion for summary judgment on Calloway's claims for excessive force, deliberate indifference to medical needs, racial discrimination, and violations of the Americans with Disabilities Act and the Rehabilitation Act because he did not exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a) to bring a section 1983 claim. *See* Docket No. 219. The Court further granted summary judgment on Calloway's claim of deliberate indifference to his serious medical needs in favor of defendants Rael, Longstreth, Gray, Chalk, County, Lumb, and Brooks because there was no indication that these defendants purposefully failed to act to meet Calloway's medical needs and because the defendants were entitled to qualified immunity. The Court granted summary judgment in favor of defendants Contra Costa County Sheriff's Department and

Contra Costa County on Calloway's causes of action for failure to train and for negligent supervision because the Court found there were no triable issues with regard to whether the municipal policy in question gave rise to municipal liability under section 1983 and because Calloway offered no evidence of a pattern or custom of use of excessive force, nor was there any evidence of inadequate training. Summary judgment on Calloway's battery claim was unopposed and therefore granted. Finally, the Court granted summary judgment on the ADA/RA claims because the Court found that Calloway did not allege that he was denied benefits and services because of his disability, and, alternatively, because Calloway did not exhaust his administrative remedies on these claims.

On February 22, 2007, Calloway filed a notice of appeal of the Court's judgment in favor of the defendants. *See* Docket No. 224. In the notice of appeal, Calloway asserts five grounds for appeal, each premised on the ineffective assistance of his counsel. In the first ground, Calloway contends his counsel offered ineffective assistance because his attorney failed to show all of Calloway's attempts to exhaust his administrative remedies. The second ground for appeal is largely the same. The third ground contends Calloway's counsel was ineffective because he deliberately failed to show that Calloway exhausted his claims and because counsel failed to suppress evidence. In ground number four, Calloway argues that his counsel provided ineffective assistance because he deliberately failed to produce or introduce records showing the deliberate indifference of the defendants in providing medical care. In his fifth and final ground for appeal, Calloway charges that his counsel offered ineffective assistance for failing to provide Calloway with copies of depositions.

**LEGAL STANDARDS**

Title 28 U.S.C. § 1915(a)(3) declares that "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith requirement is satisfied if the petitioner seeks review of any issue that is "not frivolous." *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (quoting *Coppedge v. United States*, 369 U.S. 438, 445 (1962)). An action is "frivolous" for purposes of section 1915 if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984).

**ANALYSIS**

The issues Calloway raises in his notice of appeal are frivolous because there is no arguable basis in law for his ineffective assistance of counsel claims. The Sixth Amendment to the Constitution provides for "the Assistance of Counsel" in "all criminal prosecutions." U.S. CONST. amend. VI. Calloway's case is a civil action, not a criminal prosecution. The Sixth Amendment right to effective assistance of counsel does not apply to civil proceedings. *See, e.g., United States v. Sardone*, 94 F.3d 1233, 1236 (9th Cir. 1996); *Nicholson v. Rushen*, 767 F.2d 1426, 1427 (9th Cir. 1985) (per curiam) (a plaintiff in a section 1983 action has no constitutional right to effective assistance of counsel); *Sanchez v. U.S. Postal Serv.*, 785 F.2d 1236, 1237 (5th Cir. 1986) (per curiam); *Wolfolk v. Rivera*, 729 F.2d 1114, 1120 (7th Cir. 1984); *Allen v. Barnes Hosp.*, 721 F.2d 643, 644 (8th Cir. 1983) (per curiam).

## CONCLUSION

Accordingly, Calloway's appeal is frivolous under 28 U.S.C. § 1915(a)(3).

March 15, 2007

*Saundra B Armstrong*
Saundra Brown Armstrong
United States District Judge

3